**Rui Hua JI, aka Ruihua Ji, Petitioner,**

**v.**

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–71390.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 2005.

Decided July 13, 2005.

Land Wayland, Industry, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Earle B. Wilson, Esq., Anthony W. Norwood, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, RYMER and FISHER, Circuit Judges.

MEMORANDUM *

Petitioner Rui Hua Ji ("Ji") petitions for review of the BIA's denial of her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). Where, as here, the BIA summarily affirms the IJ's decision, we treat the IJ's conclusions and reasoning as the BIA's. *He v. Ashcroft,* 328 F.3d 593, 595–96 (9th Cir.2003). We review the IJ's credibility determination, and ultimate decision denying asylum, under the substantial evidence standard. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The same standards governing credibility determinations also govern the IJ's determinations regarding the admissibility of documentary evidence. *Zahedi v. INS,* 222 F.3d 1157, 1165 (9th Cir.2000).

■ The IJ's rejection of numerous documents offered in support of Ji's application was not supported by "specific, cogent reasons that bear a legitimate nexus to the finding." *Id.* The IJ expressed reservations about the presence of a California notary stamp on original Chinese documents, when it was apparent that the

stamp was placed on them to verify that the translations offered were for the actual original documents submitted. The IJ also stated that the documents were not properly authenticated, but authentication is only appropriate for copies of official government documents. *See Cordon De Ruano v. INS,* 554 F.2d 944, 946 (9th Cir.1977); 8 C.F.R. § 287.6. All the documents submitted here were either non-government documents, or original government documents.

■ "To support an adverse credibility determination, the BIA must have a 'legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief.'" *Wang v. Ashcroft,* 341 F.3d 1015, 1022 (9th Cir.2003) (*quoting Osorio v. INS,* 99 F.3d 928, 931 (9th Cir.1996)). Under this standard, the IJ's conclusions are not supported by the record. The IJ either failed to remember, or mischaracterized, Ji's testimony on numerous topics. For example, the IJ stated that Ji could not state her favorite part of the Bible, when Ji clearly stated that it was the Lord's Prayer; the IJ stated that Ji was evasive as to how she got a visa to enter the United States, when Ji's testimony was clear and coherent on the topic; and the IJ stated that Ji could not explain why pamphlets she had with her did not have her name on them, when Ji explained that there was no room on the pamphlets she had with her at the hearing to put her name on them. As to Ji's claim of having been forced to undergo an abortion, the IJ failed to cite *any* aspect of her testimony that even arguably rendered the story incredible. Any inconsistencies in Ji's testimony were "minor" ones that do not go to the "heart of [her] asylum claim."

*Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001) (citation omitted).[1]

The record does not contain substantial evidence to support the IJ's adverse credibility finding; instead, it compels the conclusion that Ji was a credible witness. Because her story of forced abortion is credible, Ji has established her eligibility for asylum. *See Qu v. Gonzales,* 399 F.3d 1195, 1198 (9th Cir.2005); 8 U.S.C. § 1101(a)(42). We remand to the BIA for further proceedings at which the Attorney General may determine whether to grant asylum to an applicant who has established eligibility for asylum. *See Qu,* 399 F.3d at 1199. Should the Attorney General decide not to grant asylum, the BIA should then consider whether Ji has established eligibility for withholding of removal or relief pursuant to CAT. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (holding that when the BIA has not considered an issue, the proper course is to remand); *see also Zheng v. Ashcroft,* 397 F.3d 1139, 1149 (9th Cir.2005) (remanding on withholding of removal claim).

**PETITION GRANTED AND RE-MANDED.**

---

1. The IJ also demonstrated a bias against Ji when she criticized her for failing to renounce the Communist Party. *See Reyes–Melendez v. INS,* 342 F.3d 1001, 1007 (9th Cir. 2003) (holding that "[t]he IJ's bias ... prevented her from considering, yet alone weighing" the alien's claims, amounting to a due process violation).